*WILLIAM HEFFRON CONSTRUCTION CO. v. MARTIN GLASS, AN INFANT.

1. TEST OF MASTER'S LIABILITY FOR NEGLIGENCE OF ONE EMPLOYE CAUSING INJURY TO ANOTHER.

    The test of liability of a master for injury to one servant caused by negligence of another is whether the latter is placed in authority and control over the former, not whether the former was originally employed to do the act complained of, especially when such act is in furtherance of work in which both are engaged.

2. BURDEN OF PROVING CONTRIBUTORY NEGLIGENCE.

    Burden of proving contributory negligence put upon defendant by charge of court when no such issue is tendered is erroneous and prejudicial.

ERROR to common pleas court.

*Wm. Littleford,* for plaintiff in error.
*Kinkead, Rogers & Ellis,* for defendant in error.

### GIFFEN, P. J.

The test in this state of the liability of a master for negligence of one servant causing injury to another servant is whether the former is placed in authority and control over the latter, and not whether he (the latter) was originally employed to do the act complained of, especially when such act is in furtherance of the work both are engaged in.

The objection to the charge of the court upon the subject of contributory negligence is not that the court instructed the jury that the negligence of the plaintiff, contributing directly to his injury, would defeat a recovery, but that the burden of proving contributory negligence rested upon the defendant, although no such issue was tendered.

The defense at the trial was that the defendant was not guilty of any negligence, and that the accident was due entirely

---

*Affirmed, *Glass* v. *Construction Co.* 86 O. S. 000; 57 Bull. 149.

Construction Co. v. Glass.

to the carelessness of the plaintiff. In such a case the error is necessarily prejudicial. *Cincinnati Trac. Co.* v. *Forrest,* 73 Ohio St. 1 [75 N. E. Rep. 818]; *Cincinnati Trac. Co.* v. *Stephens,* 75 Ohio St. 171 [79 N. E. Rep. 235]; *List* v. *Chase,* 80 Ohio St. 42.

There was no error in refusing the special instructions requested by the defendant.

Judgment reversed and cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.